Albert Auclair  
vs.  }No. 82762  
Edgar Lavallee et als.

April 28, 1931.

CHURCHILL, J. Heard on motion for a new trial after verdict for the plaintiff in the sum of $2100.

The action was trespass for assault and battery and punitive damages as well as compensatory damages were sought.

The plea was not guilty.

The four defendants were brothers. Edgar Lavallee admitted striking the plaintiff but the other three defendants denied taking part in the assault.

Substantial testimony was introduced by the plaintiff showing that after a disagreement between the plaintiff and the father of the defendants some days prior to the assault, the defendants on the night of January 15, 1930, followed the plaintiff from his place of business pursued him to a dark corner and there attacked him; that Edgar Lavallee struck the first blow, knocked the plaintiff down and then all four defendants fell upon him, striking and kicking him, and only desisted at the approach of persons coming to his rescue.

The testimony in respect to the liability of all four defendants is amply supported by the great preponderance of the evidence.

The plaintiff was a barber by trade. He received numerous and painful bruises on his head, face and on various parts of his body as a result of the kicks and blows administered by the defendants. He testified that he was made temporarily deaf in one ear as the result of some of the blows received on his head. The plaintiff further testified that he was unable to work for seven or eight weeks and that he was obliged to hire his brother at the rate of $25 a week to act in his place in the barber shop which the plaintiff conducted. His outlay for physician's services and medicines did not exceed $22. There was no substantial evidence of permanent injuries.

On any reasonable view of the evidence compensatory damages in the sum of $600 would be ample.

There was testimony in the case which would fully warrant the jury in finding that, either out of motives of revenge for a fancied insult offered the father of the defendants by the plaintiff, or to intimidate the plaintiff, the defendants, in concert and with malice aforethought and without provocation offered to them at the time by the plaintiff, committed a violent assault on him.

Manifestly, on such a state of facts, the jury were warranted in awarding punitive damages.

The size of the verdict may have been caused by the somewhat truculent bearing of Edgar Lavallee on the witness stand. He evidently took pride in the part he had played in the affray and in his pugilistic ability. The jury apparently resented this and the size of the verdict is their answer to the defendant Edgar's attitude.

The defendants are all young men working in their father's bakery but have no substantial interest in the business.

While it is true that the jury have a wide latitude in assessing punitive damages, yet the matter of punitive damages is not beyond control of the Court.

McFetters vs. Cardone, 47 R. I. 144.

The verdict is excessive in the opinion of the Court and is the result of passion on the part of the jury. An award of $1100 will both compensate the plaintiff amply for the injuries he sustained and will also be a sufficient punishment for the defendants and a deterrent to them and to others from committing such assaults in the future.

A new trial is granted on the question of damages only unless the plaintiff in five days remits all of the verdict in excess of $1100, otherwise denied.

For plaintiff: John R. Higgins.

For defendants: R. L. Daignault.